UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ALAN WALKIN, NELMIRA GARNES, and
CHRISTOPHER MYRICKS,

                              Plaintiffs,

              -against-

CITY OF NEW YORK; Detective BRIAN
CHICHOTKY, Shield No. 726; Detective JAMES
ELLERBE, Shield No. 2184; Sergeant ROBERT
MALONEY, Shield No. 5057; Detective JAMAL
CARR, Shield No. 1655; Detective STEVE
LAFORTUNE, Shield No. 2570; Detective
WALIUR RAHMAN, Shield No. 6428; and JOHN
and JANE DOE 6 through 10, the names being
fictitious and currently unknown, individually and
in their official capacities,

                              Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 1424 (KAM) (RER)

Plaintiffs, by their attorneys, Harvis Wright & Fett, LLP, allege the following,

upon information and belief, as their Complaint:

## NATURE OF THE ACTION

1.    This action is to recover money damages arising out of the violation of

plaintiffs' rights under the United States Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiffs demand a trial by jury in this action.

## PARTIES

7.     Plaintiff Alan Walkin ("plaintiff Walkin" or "Mr. Walkin") is a resident of Kings County in the City and State of New York.  Mr. Walkin had never before been arrested and has for approximately fifteen years worked as the building super at 1280, 1284, 1288, and 1292 Saint Johns Place, Brooklyn, New York.

8.     Plaintiff Nelmira Garnes ("plaintiff Garnes" or "Ms. Garnes") is a resident of Kings County in the City and State of New York.  At the time of the incident complained of, Ms. Garnes was a home health care aide and, before that, had worked for Xerox for approximately sixteen years.  Nelmira Garnes and Alan Walkin live together and have been companions for almost three decades.

9.     Plaintiff Christopher Myricks ("plaintiff Myricks" or "Mr. Myricks") is a resident of Bronx County in the City and State of New York.  Mr. Myricks is plaintiff Walkin's nephew.

10.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     Defendant Detective Brian Chichotky, Shield No. 726 ("Chichotky"), was, at all times relevant, an employee of the New York City Police Department assigned to the Narcotics Borough Brooklyn North.  Defendant Chichotky is sued in his individual and official capacities.

12.     Defendant Detective James Ellerbe, Shield No. 2184 ("Ellerbe"), was, at all times relevant, an employee of the New York City Police Department assigned to the Narcotics Borough Brooklyn North.  Defendant Ellerbe is sued in his individual and official capacities.

13.     Defendant Detective Robert Maloney, Shield No. 5057 ("Maloney"), was, at all times relevant, an employee of the New York City Police Department assigned to the Narcotics Borough Brooklyn North.  Defendant Maloney is sued in his individual and official capacities.

14.     Defendant Detective Jamel Carr, Shield No. 1655 ("Carr"), was, at all times relevant, an employee of the New York City Police Department assigned to the

Case 1:14-cv-01424-KAM-RER Document 11 Filed 07/22/14 Page 4 of 17 PageID #: 54

Narcotics Borough Brooklyn North. Defendant Carr is sued in his individual and official capacities.

15. Defendant Detective Steve Lafortune, Shield No. 2570 ("Lafortune"), was, at all times relevant, an employee of the New York City Police Department assigned to the Narcotics Borough Brooklyn North. Defendant Lafortune is sued in his individual and official capacities.

16. Defendant Detective Waliur Rahman, Shield No. 6428 ("Rahman"), was, at all times relevant, an employee of the New York City Police Department assigned to the Narcotics Borough Brooklyn North. Defendant Rahman is sued in his individual and official capacities.

17. At all times relevant defendants John and Jane Doe 6 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants Jane and John Doe 1 through 10. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18. The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

19.     At all times relevant herein, all individual defendants were acting under color of state law.

## NOTICES OF CLAIM

20.     Within 90 days of the events giving rise to the their claims, the plaintiffs filed Notices of Claim upon defendant City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

21.     The Notices of Claim were in writing, sworn to, and contained the name and post office address of each of the plaintiffs.

22.     The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and damages and injuries claimed to have been sustained.

23.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

24.     This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

## STATEMENT OF FACTS

25.     Early in the morning of September 6, 2013, individual defendants broke into and invaded the home of Alan Walkin and Nelmira Garnes at 1280 Saint Johns Place, Apartment 1E, Brooklyn, New York, and arrested and thereafter sought to prosecute the three plaintiffs on the false charge of possession of stolen property.

26.     Only Ms. Garnes was present at home when the individual defendants

arrived at the apartment building; plaintiff Walkin had left to work and Plaintiff Myricks, who does work for Mr. Walkin, was outside in front of the building when police arrived.

27.     Individual defendants handcuffed Mr. Myricks without lawful basis but then released him to go about his business, that is, cleaning properties for which Mr. Walkin was responsible, after Mr. Myricks explained that he worked at the building.

28.     Individual defendants broke open the door, entered the home, and encountered plaintiff Garnes, who they handcuffed and seated in the livingroom.

29.     Meanwhile, plaintiff Walkin learned that his home had been raided, and he called Ms. Garnes.  An individual defendant answered the call and told Mr. Walkin to return to the apartment.

30.     Individual defendants conducted a prolonged and destructive search of the home.

31.     The search uncovered no wanted person or evidence of crime.

32.     Meanwhile, individual defendants again arrested Mr. Myricks, handcuffing him and placing him in the hallways by Apartment 1E.

33.     Mr. Walkin arrived at the apartment building but was not permitted to enter his home and was held in the hallway by individual defendants.  One or more individual defendants told Mr. Walkin that the police were looking to arrest his eldest son for various serious crimes.

34. At no time during the incident did the individual defendants show the plaintiffs a valid arrest or search warrant. Upon information and belief, the individual defendants entered the home without a valid search or arrest warrant.

35. The individual defendants arrested or allowed the arrests of the plaintiffs despite that they had not committed any crime and despite that the defendants had no reasonable basis to believe they had committed any crime.

36. The three plaintiffs were put in a van and then driven around for a time before finally being taken to the 77th Precinct Stationhouse.

37. Plaintiffs were imprisoned for approximately six-eight hours before being released with Desk Appearance Tickets requiring them, under threat of issuance of an arrest warrant and of arrest, to go to Kings County Criminal Court on October 17, 2013 to answer the baseless charges.

38. Individual defendants, including defendants Chichotky and Ellerbe, prepared or allowed to be prepared false police reports accusing plaintiffs of Criminal Possession of Stolen Property in the Fifth Degree (P.L. § 165.40, an A Misdemeanor punishable by up to one year jail time).

39. Individual defendants thereafter made, and the other individual defendants allowed them to make, false statements to the Kings County District Attorney's Office in an attempt to cause the prosecution of plaintiffs on the false charges.

40.     The plaintiffs appeared in Court on October 17, 2013 and were advised that the District Attorney's Office had declined to prosecute them on the charges.

41.     The individual defendants entering the home on the morning of September 6, 2013 knew or should have known that the entry and the search conducted were unlawful; that is, they knew or should have known a warrant was required; that, if there was a search warrant, the warrant was not supported by probable cause; if there was an arrest warrant, the search had to be conducted reasonably and limited to finding the person sought.

42.     The individual defendants, and all of them, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful search and unlawful arrest of the plaintiffs.

43.     As a result of the foregoing, plaintiffs suffered emotional trauma, fright, physical pain and suffering, loss of liberty and other constitutional rights, among other injuries.  They suffered the debasement of a home invasion, public arrest, and of being treated like criminals.

44.     Plaintiffs Walkin and Garnes suffered property damage when individual defendants damaged the dresser and box spring.

45.     At all times relevant, in breaking into the home, arresting the plaintiffs, and attempting to prosecute them, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate

indifference to plaintiffs' rights and physical and mental well-being.

## FIRST CLAIM
### Unlawful Home Entry and Search

38.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39.     By the actions described above, individual defendants deprived the plaintiffs of rights secured by the Constitution and laws of the United States, including, but not limited to, their right to be free and secure in their home and persons and their right to be free from arrest or search, except on probable cause or pursuant to a warrant.

40.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages herein before alleged.

## SECOND CLAIM
### State Law Trespass

41.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42.     By reason of the foregoing, the individual defendants, and each of them, entered into the property of Alan Walkin and Nelmira Garnes without consent, thereby committing a trespass.

43.     As a consequence thereof, plaintiffs sustained damages hereinbefore alleged.

## THIRD CLAIM
### Unlawful Arrest

44.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

46.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

47.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48.     By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

49.     Plaintiffs were conscious of their confinement.

50.     Plaintiffs did not consent to their confinement.

51.     Plaintiffs' confinement was not otherwise privileged.

52.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained damages alleged herein.

## FIFTH CLAIM
### State Law Assault and Battery

54.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55.     By their conduct, as described herein, the defendants are liable to plaintiffs for assault and battery.

56.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained damages alleged herein.

## SIXTH CLAIM
### Malicious Abuse Of Process

58.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59.     The individual defendants issued legal process to place plaintiffs under arrest and attempt to prosecute them.

60.     The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their misconduct.

61.     The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

62.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention

63.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

64.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully search, arrest, detain, use force, or cause property damage.

65.     The defendant City of New York's failure properly to assign, train, supervise or discipline its Police personnel, including the Police personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches

-13-

and arrests, and allowed the defendants to believe that they could with impunity search, arrest, and detain the plaintiffs and damage their property.

66.    Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

67.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

68.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

69.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

70.    By reason of the foregoing, the defendant City of New York through its agents, servants, and employees, failed and refused to use such care in the performance of its duties as a reasonably prudent law enforcement provider would have used under similar circumstances.

71.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

71.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

72.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

74.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

## NINTH CLAIM
### Supervisory Liability

75.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76.     Those individual defendants in a supervisory position had direct supervision of and responsibility for the conduct of the other police officers named as defendants herein.

77.     The supervisory defendants caused and allowed the plaintiffs to be subjected to an unlawful home entry, unreasonable seizure, detention, arrest and attempted prosecution by failing properly to supervise and train their subordinates, or by directly participating in the home entry and seizure, or by failing to intervene to prevent, end or report the unlawful conduct to which the plaintiffs were subjected.

78.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

**<ins>TENTH CLAIM</ins>**
**Denial Of Constitutional Right To Fair Trial**

79.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80.     The individual defendants created false evidence against plaintiffs.

81.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

82.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

83.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants

as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:       July 22, 2014
             New York, New York

                        HARVIS WRIGHT & FETT LLP

                        Gabriel Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@hwandf.com

                        *Attorneys for plaintiffs*